Hon. Edward J. McLaughlin Chairman New York State Liquor Authority Division of Alcoholic Beverage Control
A licensee of the State Liquor Authority was issued a certificate of removal to relocate his premises. The relocation justified a reduction in the licensee's annual license fee, but Authority records were not changed to reflect the reduced fee and the licensee for many years has paid more than the law required. Your counsel has asked whether the Authority may refund to the licensee the amount of the overpayment.
Section 127-d of the Alcoholic Beverage Control Law provides:
 "Monies heretofore or hereafter received by the authority pursuant to this chapter may, within three years from the receipt thereof, be refunded to the applicant for the license or permit, on satisfactory proof that:
 "a. Such monies were in excess of the amount required by this chapter, to the extent of such excess.
 "b. The permit for which application was made has not been issued."
Your counsel asks whether under section 127-d a refund may be made to a licensee who has paid a fee in excess of what is required by law, or whether the conditions of both (a) and (b) must be met, authorizing refund only in a case where a permit has not been issued.
The legislative history of section 127-d (L 1949, ch 156) supports the conclusion that satisfaction of the provisions of either paragraph (a) or (b) of the section justifies a refund (March 7, 1949 memorandum on Senate Introductory 937, Print 972 from the Chairman of the State Liquor Authority to the Counsel to the Governor; March 10, 1949 memorandum on Senate Introductory 937, Print 972 from the Attorney General to the Governor). That is, a refund may be made to a licensee or permittee who has paid a fee in excess of what is required by law and to an applicant for a permit that has been denied. Section 127-d has been applied in accordance with this construction (1954 Op Atty Gen 7; 1949 Op Atty Gen 87).
We note that section 127-d authorizes refunds to "the applicant for the license or permit". In our opinion this language was meant to include licensees and permittees as well as applicants for permits that have been denied. First, the legislative history of section 127-d indicates that the section was established to overcome an opinion of the Attorney General (1948 Report of the Attorney General 116) that there was no authority for the refund to a licensee of fees in excess of what is required by law (State Liquor Authority memorandum and Attorney General's memorandum on State Introductory 937, Print 972, supra; March 14, 1949 letter from the Comptroller to the Governor regarding Senate Introductory 937, Print 972). Second, we note that licenses and permits are renewed annually upon payment of the annual fee (Alcoholic Beverage Control Law, § 109). An application for renewal of a liquor license is to be regarded in exactly the same manner as an application for a new license (Matter of Farina v State Liq. Auth., 20 N.Y.2d 484, 491 [1967]). This also indicates that the term "applicant" as used in section 127-d includes licensees and permittees applying for an initial license or permit or seeking renewal.
The State Liquor Authority's memorandum on the bill (Senate 937, Print 972) explains how refunds may occur where the license application and fee are mailed and the envelope is postmarked with an address that is different from the location of the premises. In this case the Authority may be unable to determine immediately whether the correct fee has been submitted, as the fees for licenses to sell alcoholic beverages vary with the size of the community where the premises to be licensed are located. The memorandum states that the bill would provide a remedy for the licensee overassessed in this situation.
The State Liquor Authority memorandum further notes that at the time of the bill, the Alcoholic Beverage Control Law authorized refunds of fees accompanying applications for licenses that were denied but included no similar provision for permits. The memorandum concludes that the bill would provide a similar provision for permits. It is clear that the Authority viewed the bill as authorizing a refund upon the occurrence of either of the two circumstances presently specified in (a) and (b) of section 127-d.
We note that under section 127-d overpayments may be refunded within three years of their receipt by the Authority. Refunds may be made upon approval by the Authority and after audit by the Comptroller (section 127-d).
We conclude that the State Liquor Authority may refund to a licensee the amount of any license fee overpayment received during the preceding three years.